36

John F. Chevalier and Anita Chevalier, Appellants *v.* City of Philadelphia and Frederic R. Mann Music Center, Appellees.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Anton H. Rosenthal,* with him, *Joseph S. Grossman* and *Allen L. Rothenberg,* for appellants.

*Ralph J. Luongo,* Assistant City Solicitor, with him, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, and *Barbara W. Mather,* City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, August 9, 1985:

John F. and Anita Chevalier, whom we will refer to as plaintiffs, sued the City of Philadelphia (city) and the Frederic R. Mann Music Center (center) in trespass for damages on account of injuries to Mr. Chevalier. The plaintiffs here appeal from a judgment on the pleadings entered by the Court of Common Pleas of Philadelphia County in favor of the city based upon the immunity conferred on the city as a local agency by 42 Pa. C. S. §§8541-8564 (Act).

In their complaint, the plaintiffs allege that while on the center's parking lot at 9:45 p.m. on July 19, 1982, Mr. Chevalier was the "victim of tortious acts by third persons" and that he "suffered serious and painful injuries" as a result of the "dangerous lack of security for his person and the dangerous condition present" at the center. They further allege that the city and the center owned, operated, maintained, possessed, and controlled the parking lot; that on July 19, 1982, "and for a long period of time prior thereto, there existed a dangerous condition in the parking lot" next to the center; that the plaintiffs were busi-

ness invitees; that the city and center negligently failed "to provide reasonably safe conditions for the security of plaintiff in the parking lot after they knew or had reason to know of the likelihood of dangerous conduct on the part of third persons"; and that the city and center negligently failed "to provide adequate illumination" of the parking lot.

By Answer, the city denies the plaintiffs' allegations of negligence and in New Matter invokes the affirmative defense of governmental immunity conferred by the Act.

By Reply to New Matter, the plaintiffs plead that the defense of governmental immunity states a conclusion of law requiring no reply.

The city filed a motion for judgment on the pleadings, contending that the plaintiffs' allegations that the city failed to protect Mr. Chevalier from a criminal assault by third persons did not fall within any of the eight exceptions to governmental immunity conferred by the Act. The common pleas court agreed and entered the judgment under appeal.

Section 8541 of the Act provides that, subject to exceptions, a local agency shall not be liable for damages on account of an injury to a person or property caused by an act of the agency or its employees. The eight exceptions to this grant of immunity are found in 42 Pa. C. S. §8542(b). To surmount the bar to liability by recourse to the exceptions, the plaintiff must, pursuant to 42 Pa. C. S. §8542(a)(1) and (2), satisfy the conditions that his injuries occurred as the result of an act or acts for which damages would be recoverable under common law or a statute creating a cause of action and that his injuries were caused by negligent acts of the local agency or its employees acting within the scope of their duties with respect to one of the categories of waiver.

The plaintiffs contended below and still maintain that their claim fell within the exception at 42 Pa. C. S. §8542(b)(4), which follows:

> (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (4) *Trees, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The trial judge observed that the plaintiffs allege that the city failed to provide adequate illumination of the parking lot but that they fail to allege that the city had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition of the lighting as Section 8542(b)(4) requires, and for this reason entered judgment on the pleadings for the city.

The plaintiffs devote most of their substantial brief to the argument that the Act is unconstitutional, notwithstanding that the Supreme Court of Pennsylvania has held that it is not. *Carroll v. County of York,* 496 Pa. 363, 437 A.2d 394 (1981). We are of course bound

by *Carroll* and therefore decide this aspect of the plaintiffs' appeal against them.

The plaintiffs also contend that the trial judge committed an abuse of discretion by not giving them leave to amend their complaint so as to allege the city had notice or could be charged with notice as required by Section 8542(b)(4). "The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." (Citations omitted.) *Otto v. American Mut. Ins. Co.*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978). The plaintiffs allege in their complaint that before July 19, 1982, the day on which Mr. Chevalier was attacked, "a dangerous condition" existed at the parking lot. This leads us to believe that there is a reasonable possibility that the plaintiffs can successfully amend their complaint to allege that the city had notice or could be charged with notice of a dangerous condition with specific reference to lighting of the parking lot.

Judgment reversed; record remanded with leave to the plaintiffs to amend the complaint.

## ORDER

And Now, this 9th day of August, 1985, the judgment of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed; record remanded with leave to the plaintiffs to amend the complaint.

---

DISSENTING OPINION BY JUDGE PALLADINO:

Because I would affirm the decision of the Court of Common Pleas of Philadelphia County (trial court), I must respectfully dissent.

The trial court dismissed Appellants' action against the City on the City's motion for judgment on

the pleadings because Appellants failed to plead that the City had sufficient notice of the "dangerous condition" in the parking lot as required by Section 8542(b)(4) of the Political Subdivision Tort Claims Act, 42 Pa. C. S. §8542(b)(4), (Act). I would affirm this dismissal, because Appellants do not meet any of the conditions necessary to remove the City's immunity.

Appellants contend that the City failed to provide adequate illumination of the parking lot, and that this inaction falls within the exception to immunity which imposes liability for dangerous conditions of trees, traffic signs, lights, or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency. 42 Pa. C. S. 8542(b)(4).

As the majority opinion correctly points out, the immunity question is two-tiered. The initial inquiry under Section 8542 is whether the asserted cause of action exists at common law.[1] Appellants, unfortunately, do not address the question of the existence of a cause of action at common law which would impose liability for inadequate illumination of a parking lot. In fact, the City has no duty at common law to illuminate streets, much less parking lots. *Wecksler v. City of Philadelphia*, 178 Pa. Superior Ct. 496, 115 A.2d 898 (1955). Therefore, Appellants have not satisfied the first condition of §8542(a).

Turning to the second tier of the immunity determination, it is apparent that the facts alleged by Appellants do not fit within §8542(b)(4)'s exception for

---

[1] Section 8542(a) requires that: "the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity)."

dangerous conditions of trees, traffic lights and street lights. This exception specifically delineates the items it covers. Light or absence of light in a *parking lot* is not one of the specified areas of coverage.[2] To so hold would be to expand this exception far beyond the scope intended by the Legislature.

Therefore, because Appellants meet neither of the two levels of inquiry necessary to impose liability on the City, I would affirm the decision of the trial court which dismissed Appellants' claim against the City of Philadelphia.

[2] If this Court were to hold that inadequate illumination of an area in which criminal activity occurred was actionable under §8542(b)(4), then an enormous burden would be placed on the City to light all areas, alleys, footpaths, etc. I do not believe this is the result the Legislature intended under §8542(b)(4).