Gene Reuben, Appellant *v.* James L. O'Brien and Lawrence Rosenwald, a/k/a Lawrence William Rosenwald and Aetna Casualty and Surety Company, Appellees.

Argued December 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Louis Lipschitz,* for appellant.

*Robert Morris Cohen,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 12, 1985:

Gene Reuben appeals a Montgomery County Common Pleas Court order granting Lawrence Rosen-

wald's motion for judgment on the pleadings. We affirm.

In her complaint,[1] Reuben alleges that on December 6, 1978, District Justice JAMES L. O'BRIEN entered a judgment against her for money owed for dry cleaning services. On March 29, 1979, O'BRIEN issued an execution order. On the following day, Rosenwald, the duly-elected constable of Cheltenham Township, left copies of the Order of Execution and the Schedule of Properties Levied Upon at Reuben's residence. On April 3, 1984, Reuben paid the outstanding debt of $199.50 to the District Justice, bypassing the executing officer. On April 7, 1979, Rosenwald posted a Constable's Sale Bill on Reuben's mailbox which was located in her apartment building lobby. Reuben alleges that she was libeled by Rosenwald's action.[2]

After filing his Answer and New Matter, Rosenwald filed a motion for judgment on the pleadings.[3] The trial court granted Rosenwald's motion, holding

[1] Reuben originally filed a two-count complaint against District Justice O'BRIEN, Rosenwald, and Rosenwald's surety company. Reuben's count alleging a cause of action against Rosenwald for the negligent infliction of emotional distress was barred by the six-month statute of limitations applicable to officers of any governmental unit. *Reuben v. O'Brien*, 299 Pa. Superior Ct. 372, 445 A.2d 801 (1982). The action against District Justice O'BRIEN was dismissed because of judicial immunity. The surety company was dismissed on preliminary objections as an improper party.

[2] Reuben alleges that Rosenwald's willful and malicious conduct included: listing property subject to levy which Rosenwald did not view or inspect; failing to perform any reasonable investigation or inquiry to ascertain if judgment had been paid before posting the Constable Sale Bill; posting the Sale Bill pursuant to an improper levy; posting the Sale Bill over the mailboxes of Reuben and other tenants in the hotel lobby after payment had been made at the only address listed on the execution order; and failing to perform his duties in a faithful, professional and lawful manner.

[3] Reuben initially contends that the defense of judicial immunity was not properly raised in Rosenwald's motion for judgment on the pleadings. This argument lacks merit in that Pa. R.C.P. No. 1030

that he was entitled as a matter of law to the defense of judicial immunity because he acted at the direction of District Justice O'BRIEN and in the performance of his official duties as a constable.

On appeal, Reuben contends that the doctrine of judicial immunity should not be extended to shield a constable from civil liability for willful and malicious actions which have defamed the plaintiff.

When ruling on a motion for judgment on the pleadings, the trial court must consider as true all well-pleaded averments of the party against whom the motion is directed and consider against him only those facts which he specifically admits. *Powell v. Wrightstown Township,* 76 Pa. Commonwealth Ct. 521, 464 A. 2d 651 (1983). Judgment on the pleadings should be entered only when the case for determination is clear and free from doubt. *Sheperd v. General Telephone and Electronics Corp.,* 411 Pa. 49, 190 A.2d 895 (1963).

Our review of the pleadings contained in the record supports the trial court's statement of the issue presented:

[I]t is clear that the theory of liability with respect to Constable Rosenwald is that he erroneously posted the constable sale bill on the Plaintiff's premises, after payment, *at the earlier direction of District Justice O'Brien,* because District Justice O'BRIEN failed to notify him of the Plaintiff's payment of the Judgment four days earlier. While we recognize that it is alleged that Constable Rosenwald thus acted "wilfully and maliciously", it is equally clear

---

requires that the defense of immunity be raised in a responsive pleading entitled "New Matter" followed by a motion for judgment on the pleadings. *Tulio v. State Horse Racing Commission,* 79 Pa. Commonwealth Ct. 305, 470 A.2d 645 (1984). We hold that Rosenwald complied with this requirement.

that *he acted,* as alleged, *at the direction of Justice O'Brien and in the performance of his official duties as a Constable.*[4]

In *Praisner v. Stocker,* 313 Pa. Superior Ct. 332, 459 A.2d 1255 (1983), the doctrine of judicial immunity was extended to cover the acts of a district justice performed in a judicial capacity, except where there was a clear absence of jurisdiction over the subject matter and person.

Rosenwald argues that this doctrine should be extended to him because his actions were taken at the direction of District Justice O'BRIEN, whose contention of judicial immunity had been sustained. We agree.

A "derivative immunity" born from the doctrine of judicial immunity has become well settled in the law;[5] "any public official acting pursuant to court directive is also immune from suit." *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir. 1969), *cert. denied,* 396 U.S. 941 (1969); *see also United States ex rel. Smith v. Heil,* 308 F. Supp. 1063 (E.D. Pa. 1970).

Rosenwald's actions in this case were consistent with the execution order signed by District Justice O'BRIEN and the laws of this Commonwealth regulating a constable's conduct.[6]

Affirmed.

---

[4] *Reuben v. Rosenwald* (No. 80-4555, filed June 24, 1983), slip op. at 1 (emphasis added).

[5] Although *Lockhart* involved an action filed under the Civil Rights Act of 1871, 42 U.S.C. §1983, and the case *sub judice* does not, the "derivative immunity" applied in *Lockhart* was developed in the common law, and it is the common law immunity which we apply to constables' actions in this case.

[6] *See* 13 P.S. §§1-87; 42 Pa. C. S. §20002(k); Pennsylvania Rules of Civil Procedure for District Justices. We also look to the Pennsylvania Rules for Constables at 204 Pa. Code Chapter 61, but we note that our Supreme Court has not issued an order making them effective.

ORDER

The order of the Montgomery County Common Pleas Court at No. 80-4555 dated June 24, 1983, is affirmed.

·Judge WILLIAMS, JR., did not participate in the decision in this case.