509 A.2d 1368

Anna Steiner and David Steiner, her husband, Michael Steiner, a minor by Anna Steiner, his guardian and Douglas Steiner, a minor by Anna Steiner, his guardian, Appellants *v.* The City of Pittsburgh, Appellee.

Argued March 12, 1986, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

*Kenneth W. Behrend, Behrend, Morrow, Ernsberger and Moran,* for appellants.

*Robert B. Smith,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE COLINS, May 27, 1986:

Anna and David Steiner, husband and wife, and their minor children, Michael and Douglas Steiner (appellants) appeal an order of the Court of Common Pleas of Allegheny County which granted the Motion for Judgment on the Pleadings filed by the City of Pittsburgh (appellee) and dismissed their Amended Complaint as barred by the "Political Subdivision Tort Claims Act" (Code).[1]

In the procedural posture of this case, we are confronted not with the merits, as such, but solely with the issue of whether the allegations in appellants' Amended Complaint were sufficient to warrant a trial.[2] Our reading of the pleadings confirms the conclusion of the trial court that appellants' suit was barred.

---

[1] Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311.803, repealed by Section 333 of JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043. These provisions are now found in Sections 8541-8564 of the Judicial Code (Code), 42 Pa. C. S. §§8541-8564.

[2] Both the trial court's consideration and the appellate court's review of a Motion for Judgment on the Pleadings is limited to the well-pleaded facts, admissions and documents properly attached to

Appellants' Amended Complaint in trespass sought damages for the physical, emotional and economic harm caused by the "wanton and reckless misconduct [of appellee] and by [its] violation of statutorily declared public interests." We accept as true[3] the following facts. On December 29, 1981, the appellant, Mrs. Steiner, upon hearing an intruder enter her home, dialed "911" on her telephone, the number of the public emergency center operated by appellee.[4] Mrs. Steiner had time to give her address to the "911" operator before the intruder entered her room. By appellants' averments:

> The operator ignored Mrs. Steiner's pleas for help . . . It was willful, wanton and malicious conduct that an information clerk working on an emergency telephone system would not report that she had 'missed' some information, instead of notifying her supervisor, she decided to make a judgment and evaluate the severity of the complaint by totally ignoring the complaint.

the pleadings. *Jacob v. New Kensington YMCA*, 312 Pa. Superior Ct. 533, 459 A.2d 350 (1983); *see also* Pa. R.C.P. No. 1017(a). The trial court must consider as true all the well-pleaded averments of the party against whom the Motion is directed and consider against him only those facts which he specifically admits. *Reuben v. O'Brien*, 91 Pa. Commonwealth Ct. 80, 496 A.2d 913 (1985). Such a Motion should be granted only where no facts are at issue and the law is so clear that a trial would be a fruitless exercise. *Beardell v. Western Wayne School District*, 91 Pa. Commonwealth Ct. 348, 496 A.2d 1373 (1985); Pa. R.C.P. No. 1034.

[3] See footnote 2.

[4] The public emergency center called by Mrs. Steiner was created pursuant to the Emergency Telephone Act, Act of April 28, 1978, P.L. 90, 35 P.S. §§7001-7006, which act intended to "provide citizens with rapid direct access to public emergency operation centers by dialing the telephone number '911', with the objective of reducing the response time to situations requiring law enforcement, fire, medical, rescue, and other emergency services." 35 P.S. §7002.

Mrs. Steiner was raped by the intruder; he was never apprehended.

Appellee filed a Motion for Judgment on the Pleadings in which it averred that appellants' suit was barred by the doctrine of governmental immunity, and by an order and opinion dated December 3, 1984, the trial court granted said Motion and dismissed appellants' Amended Complaint. In its abbreviated opinion, the trial court found that suit was barred by the Code and, in addition, was controlled by this Court's decision in *Morris v. Musser*, 84 Pa. Commonwealth Ct. 170, 478 A.2d 937 (1984). Appellants' appeal to this Court followed.

Upon careful examination of the factual allegations, we conclude that appellee is statutorily immune from suit. The general grant of immunity enunciated in 42 Pa. C. S. §8541 has been waived under certain circumstances in 42 Pa. C. S. §§8542(a) and (b) as follows:

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if *both of the following conditions* are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):[5]

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541

---

[5] 42 Pa. C. S. §8542(b) provides for the imposition of liability on a local agency for the following acts by the agency or any of its employees: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.

(relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the *negligent* acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, *'negligent acts' shall not include acts or conduct which constitute a crime, actual fraud, actual malice or willful misconduct*. (Emphasis supplied.)

To impose liability upon appellee in the instant matter, the burden of proof faced by appellants was thus two-tiered: appellants had to prove that (1) their injuries occurred as the result of an act or acts for which damages would be recoverable under common law or a statute creating a cause of action and (2) that their injuries were caused by the negligent acts of the agency or its employees acting within the scope of their duties with respect to one of the categories of waiver. *Chevalier v. City of Philadelphia*, 91 Pa. Commonwealth Ct. 36, 496 A.2d 900 (1985).

Nowhere in their multi-count Complaint do appellants detail what allegations of negligence were committed by appellee. On the contrary, the allegations solely apprise acts of the operator and, further, are couched in terms of willful and intentional conduct, rather than in negligence. Appellants aver in their Complaint that the [appellee] is "responsible to Mrs. Steiner for the wanton and willful misconduct of its '911' operator." We do not agree. Such intentional acts of an employee acting within the scope of his office are specifically excluded from imposing liability upon the local agency by the language of Section 8542(a)(2). We note further that the pleading fails to name the operator allegedly implicated here.

Appellants' reference to 42 Pa. C. S. §8550, relating to willful misconduct, as subsuming the general reten-

tion of municipal immunity, is misplaced. While Section 8550 indeed waives four specific immunities[6] for willful misconduct, each of the waived immunities exposes municipal employees to *personal* liability "without dissolving the shield of general immunity retained by municipalities." *Buskirk v. Seiple*, 560 F. Supp. 247, 252 (E.D. Pa. 1983). In addressing this same issue, a learned commentator observed that although the "liability of a political subdivision is based primarily on personal liability of its officials through the operation of respondeat superior," the Code does not purport to impose governmental liability for the willful, tortious misconduct of its employees. *Buskirk* at 252, citing Lajeunesse, *The Political Subdivision Tort Claims Act: Pennsylvania's Response to the Problems of Municipal Tort Liability,* 84 Dick L. Rev. 717, 747 and 750 (1980).

Inasmuch as a Motion for Judgment on the Pleadings denies a party the right to fully develop his theories and averments at trial, a motion to that effect should be denied if a proper and seasonable amendment will cure pleading defects. *Bata v. Central-Penn National Bank,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007 (1967). We note that appellants were permitted to amend their Complaint[7] to include

---

[6] 42 Pa. C. S. §8550 provides:

In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

[7] The trial court refused to permit appellants to amend their complaint to include Count VII, entitled "wanton and reckless misconduct through the failure of the [appellee] to properly instruct the '911' operators of a backup recording system."

the above-cited language regarding the "willful, wanton and malicious conduct" of the operator in failing to notify her supervisor that she had "missed" the content of Mrs. Steiner's call. At no time in these proceedings did appellants propose an amendment to the pleadings averring acts of negligence on the part of the operator.

Assuming *arguendo*, that the acts of the operator amounted to negligence, we do not find that such inactions comprise a recognizable common law claim so as to impose liability upon appellee. *See Morris* (police officer not liable for failing to furnish prompt and efficient aid to a citizen). *See also, Melendez by Melendez v. City of Philadelphia*, 320 Pa. Superior Ct. 59, 466 A.2d 1060 (1983) (city not liable for failing to protect minor injured in racially-troubled neighborhood).

Because appellants' Complaint fails to set forth allegations arguably warranting a trial, we affirm the Common Pleas Court's dismissal of appellants' Amended Complaint.

## ORDER

AND NOW, May 27, 1986, the order of the Court of Common Pleas of Allegheny County, dated December 3, 1984, No. GD83-21623, is affirmed.