## Theofilos v. City of Hermitage

*James Nevant II,* for plaintiff.
*Timothy R. Bonner,* for defendant.

FRAMPTON, *J.,* June 7, 1989 — This case is before the court on preliminary objections filed by defendant, the City of Hermitage. By way of demurrer and motion to strike, defendant objects to the complaint filed by plaintiff, Alex Theofilos, on grounds that it fails to state a valid cause of action under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. Defendant further contends that even if its objections under the act are not successful, the allegations of negligence were not the proximate cause of plaintiff's injuries.

In his complaint plaintiff alleges that on October 27, 1986, he was doing yard work when he tripped and fell backwards over a cement block which was placed in his driveway by servants, employees or agents of defendant. Plaintiff claims that the cement block originally abutted his driveway for purposes of preventing automobiles from getting stuck in a drainage ditch running through his

property. He alleges, further, that defendant possessed, controlled, and supervised the drainage ditch running through his property, and that at some time prior to October 27, 1986, servants, employees and/or agents of defendant removed the cement block from its original location for purposes of cleaning the drainage ditch. Plaintiff contends that the servants, employees and/or agents of defendant failed to replace the cement block to its original location, leaving it instead on the driveway where it eventually became camouflaged by fallen leaves. Plaintiff alleges that as a result of such action by defendant's servants, employees and/or agents, he later tripped and fell backwards over the cement block causing serious, severe, and permanent injury to his back.

## DISCUSSION

By preliminary objection, defendant argues; (1) that plaintiff's failure to allege a dangerous condition "of" the facilities of sewer or water "owned" by defendant, places the claim outside the enumerated exceptions to governmental immunity found in the act, and, therefore, does not state a valid cause of action;[1] (2) that, even if a valid cause of action exists, defendant's action through its servants, employees and/or agents, was not the proximate cause of plaintiff's injuries, and, therefore, no liability may be imposed; and (3) that, even if proximate cause is established, defendant's liability, as a governmental agency, is limited to acts of negligence, and may not be expanded to include gross negligence, recklessness and/or willful and wanton misconduct.

---

1. This argument combines issues 1 and 3 set forth in defendant's brief.

Defendant's first argument, as stated above, contains two components: (a) whether the cement block was actually a condition "of" the facilities of sewer or water, and (b) whether such facilities are "owned" by defendant. Defendant contends that the only exception to governmental immunity available to plaintiff is section 8542(b)(5) of the act for torts involving utility service facilities. Under section 8542(b)(5) liability is imposed where there exists "a dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency." 42 Pa.C.S. §8542(b)(5). (emphasis supplied) Without admitting that the cement block constituted a dangerous condition, defendant argues that plaintiff's complaint must fail, because the cement block was not a condition "of" the facilities of sewer or water.

Defendant argues that a distinction can be made between conditions "of" a facility, and conditions found "upon" a facility. To support its contention, defendant cites a number of cases involving governmentally owned streets and sidewalks where the courts recognized such a distinction. See *Ambacher v. Penrose,* 92 Pa. Commw. 401, 499 A.2d 716 (1985) holding that a fallen fence on a municipal sidewalk was a condition "on" the sidewalk and not a condition "of" the sidewalk, and thus, the city could not be held liable under the act. Defendant argues that, since the act's language for the utility system exception to governmental immunity is significantly similar to its language for the sidewalks and streets exception to immunity, the distinction between conditions "on" and conditions "of" applies to utility systems under section 8542(b)(5) as well. While defendant's argument is well taken, we are unable, at this time, to

determine whether the cement block was a condition "of" the utility system.

Neither party has alleged facts indicating how the cement block originally came to be located abutting plaintiff's driveway. If the cement block was originally placed along the driveway by defendant, it could then be considered a condition of the utility service facility, and liability could possibly be imposed under section 8542(b)(5) of the act. However, if the cement block was originally placed along the driveway by plaintiff, it could not be considered a condition of the utility service facility, since it was never a part of the facility and was placed beside the driveway by plaintiff for his own convenience. As a result no liability could be imposed through section 8542(b)(5) of the act.

Furthermore, if the cement block had been placed beside or abutting the driveway by plaintiff, it would more appropriately be considered plaintiff's personal property. Although section 8542(b)(2) of the act provides an exception to governmental immunity involving care, custody, or control of personal property in possession or control of a local agency, the only recoverable damages under that section are those property losses suffered with respect to the personal property in the possession or control of the local agency. 42 Pa.C.S. §8542(b)(2). Therefore, because no personal injury damages are recoverable under section 8542(b)(2), if the cement block had been originally placed beside the driveway by plaintiff, he would have no cause of action against defendant.

Consequently, since plaintiff has not alleged that the cement block was a condition "of" the utility system, we grant defendant's demurrer for failure to

state a cause of action. We will, however, grant plaintiff time to file an amended complaint consistent with this opinion.

In that we have granted the requested demurrer we could stop at this point and not deal with any of the other preliminary objections. However, so as to avoid a delay in the proceedings if plaintiff can amend his complaint as set above, we shall deal with the remaining issues.

The second component of defendant's first argument concerns plaintiff's failure to allege defendant's "ownership" of the sewer or water facility in question. Defendant contends that under section 8542(b)(5) of the act such an omission is fatal to plaintiff's complaint, and that the complaint, therefore, fails to state a cause of action.

The same issue was before this court on preliminary objections in *Fleming v. The City of Hermitage*, no. 623 C.D. 1988, Mercer County Court of Common Pleas, Frampton, *J.*, January 24, 1989. There, as here, plaintiff alleged possession and control, but failed to specifically allege ownership on the part of defendant. As we stated in *Fleming,* "though such failure may be technically fatal, the ambiguity of the statute and the case law surrounding it compel this court in the interest of justice to allow the (plaintiff) an opportunity to amend [his] complaint." *Id.* at 12. Therefore, while defendant's preliminary objections concerning plaintiff's failure to allege ownership are granted, plaintiff shall have the right to amend his complaint to comply with the statute requirements.

In defendant's second argument, as set forth above, it contends that even if a cause of action may be established, its action, through its agents, servants or employees in relocating the cement block,

616

was not the proximate cause of plaintiff's injuries.[2] Proximate cause is an essential element to any claim of negligence. *Hanrahan v. McClatchy,* 384 F.Supp. 16, 21 (E.D. Pa. 1974), affirmed 506 F.2d 1051. The mere existence of negligence and the occurrence of an injury is insufficient to impose liability; a causal connection between the alleged negligent act and the alleged injury must be established. *Cuthbert v. City of Philadelphia,* 417 Pa. 610, 614, 209 A.2d 261, 263 (1965); and *Ostrowski v. Crawford Door Sales Co. of Scranton,* 207 Pa. Super. 424, 431, 217 A.2d 758, 762 (1966). Causation involves two separate and distinct concepts: cause in fact and legal, or proximate cause. *E.J. Stewart Inc. v. Aitken Products Inc.,* 607 F.Supp. 883, 888 (E.D. Pa. 1985). The concept of cause in fact exists where the harmful result would not have come about "but for" the alleged negligent conduct; thereby establishing a direct causal connection between the two events. *Id.* at 889. In addition to cause in fact, in order to establish liability, plaintiff must demonstrate legal or proximate cause as well. The concept of proximate cause denotes more than mere causation in fact, it serves as a means by which courts are able to place practical limits on liability as a matter of policy. *Herman v. Welland Chemical Ltd.,* 580 F.Supp. 823, 827 (D.C. Pa. 1984); see also, *Estate of Flickinger v. Ritsky,* 452

2. Though ordinarily it is presumed that the question of proximate cause is a question for the jury, we note that where, as here, the relevant facts are not in dispute, and the remoteness of the causal connection between the alleged negligence and the alleged injury is clear, the issue is one of law. *Cotter v. Bell,* 417 Pa. 560, 562-3, 208 A.2d 216, 218 (1965) (reversed on other grounds). Moreover, see *Estate of Flickinger v. Ritsky,* 452 Pa. 69, 74, 305 A.2d 40, 43 (1973) which states that the issue of proximate cause is essentially a problem of law for the court.

Pa. 69, 74, 305 A.2d 40, 43 (1973). It is a term of art denoting the point at which legal responsibility attaches for harm to another arising out of some act of defendant. *Hamil v. Bashline,* 481 Pa. 256, 265, 392 A.2d ·1280, 1284 (1978). Proximate cause is established by evidence that defendant's negligence was a substantial factor in bringing about plaintiff's harm. *Id.*

To impose liability both concepts, factual and legal causation, must be established. Here, defendant argues that plaintiff has failed to establish the second concept: proximate cause. Defendant contends that, if any negligence on its part exists, it was not a substantial factor in bringing about plaintiff's harm. More specifically defendant suggests that the fallen leaves which camouflaged the cement block, and plaintiff's failure to inspect his property, were a superseding cause constituting a new and independent event breaking the causal connection between its alleged negligence and the alleged injuries to plaintiff.

Defendant's argument raises the proximate cause distinction between intervening causes and superseding causes. An "intervening" cause arises after the alleged negligence of defendant, but does not relieve defendant's liability because the intervening cause was either foreseeable or was a normal incident of the risk created. *Vattimo v. Lower Bucks Hospital Inc.,* 502 Pa. 241, 253, 465 A.2d 1231, 1237 (1983). A "superseding" cause also arises after defendant's alleged negligence, however, it acts to relieve defendant of liability due to the remoteness of the harm from the original negligence of defendant. *Id.* Here, remoteness ·refers not to time, but rather to the difference in kind of the risk of harm created by defendant's original negligence, and the

harm ultimately sustained. *Bleman v. Gold,* 431 Pa. 348, 353, 246 A.2d 376, 380 (1968).

This distinction is made clear by the Pennsylvania Supreme Court's analysis that "an intervening act . . . does not become a superseding cause unless, looking retrospectively from the harm through the sequence of events by which it was produced, it is so extraordinary as not to have been reasonably foreseeable." *Vattimo, supra,* at 253, 465 A.2d at 1237. Applying this standard to the facts before us, we find that defendant's alleged liability was not relieved by a superseding cause as a matter of law to relieve liability at this point.

Though fall is an aesthetically extraordinary season, the actual falling of leaves is not an extraordinary force or act of nature. Moreover, it is reasonably foreseeable that leaves, having fallen, might gather to cover and camouflage an object on the ground. Furthermore, the injuries allegedly suffered by plaintiff in this case are not of a different kind from that which defendant's alleged negligence threatened. Therefore, the falling leaves, though an intervening act of nature, were not a superseding cause which would relieve defendant of liability. In addition, plaintiff's alleged contributory negligence in failing to inspect his property, though a factor to be considered at a later date, is not a sufficient ground to dismiss the cause of action on preliminary objections. Consequently, we find that proximate cause has been established by plaintiff.

Defendant's third and final argument as set forth above asserts that, even if proximate cause is established, its liability, as a government agency, is limited to acts of negligence, and may not be

expanded to include gross negligence, recklessness and/or willful and wanton misconduct. Defendant's argument is well taken.

Section 8542(a)(2) of the act expressly limits liability imposed on political subdivisions to acts of negligence. 41 Pa.C.S. 8542(a)(2). "[I]ntentional acts of an employee acting within the scope of his office are specifically excluded from imposing liability upon the local agency by the language of section 8542(a)(2)." *Steiner by Steiner v. City of Pittsburgh,* 97 Pa. Commw. 440, 444, 509 A.2d 1368, 1370 (1986).

Although plaintiff argues that section 8550 of the act imposes liability for intentional torts, it has been held that, "[w]hile section 8550 indeed waives four specific immunities for willful misconduct, each of the waived immunities exposes municipal employees to *personal* liability 'without dissolving the shield of general immunity retained by municipalities.'" *Id.* at 444, 509 A.2d at 1370 (emphasis in original), citing *Buskirk v. Seiple,* 560 F.Supp. 247, 252 (E.D. Pa. 1983).

Therefore, although plaintiff may file suit against employees of defendant individually for such alleged intentional torts, he may not bring such action against defendant.

Hence this

## ORDER

And now, June 7, 1989, it is hereby ordered that defendant's preliminary objection in the nature of a demurrer on grounds of plaintiff's failure to state a cause of action under 42 Pa.C.S. §8542(b)(5), is granted. Plaintiff shall be given 30 days from the date of this order to amend his complaint to allege sufficient facts to establish liability under the Political Subdivision Tort Claims Act.