## Wagner v. Gallagher

*Michael S. Bloom,* for plaintiff.
*Edward H. Heitmiller,* for defendant.

RUBRIGHT, *J.,* June 30, 1989 — This matter is presently before the court on the defendants' motion for summary judgment. Briefs have been submitted and the matter is now ripe for disposition.

This action arose from an incident on April 9, 1986, when the minor plaintiff was a seventh-grade student in the Pottsville Area School District. Plaintiff had been sent to the office of James Gallagher, vice-principal of D.H.H. Lengel Middle School, for disrupting a study hall. In the presence of Mr. Harris, the school principal, Gallagher administered corporal punishment on plaintiff by means of pad-. dling. In his complaint filed October 20, 1987, plaintiff alleges that, subsequent to the paddling, Gallagher became enraged and struck plaintiff, knocking him down into a chair and causing him to break his leg.

In their answer and new matter, defendants aver that they are immune from suit pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq. Defendants have filed the instant motion for summary judgment claiming immunity from suit.

Pennsylvania Rule of Civil Procedure 1035, which governs motion for summary judgment, provides that:

"[T]he judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ·

Summary judgment is granted only in the clearest of cases where the right is clear and free from doubt. *Kotwasinski v. Rasner,* 436 Pa. 32, 258 A.2d 865 (1969). The moving party has the burden of proving the non-existence of any genuine issue of fact. *Kent v. Miller,* 222 Pa. Super. 390, 299 A.2d 821 (1972). All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party. *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971).

Section 8541 of the Political Subdivision Tort Claims Act provides that:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

There are exceptions to governmental immunnity set forth in the statute and they relate to: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 Pa.C.S. §8542(b).

Defendant/school district argues that it is immune from suit in this action because disciplinary punishment of a school student does not fall within

the exceptions to governmental immunity. We agree. Since the acts complained of in this case may not result in the imposition of liability on a school district, judgment must be entered in favor of defendant Pottsville Area School District as a matter of law.

We cannot reach the same conclusion with regard to defendant Gallagher. Although 42 Pa.C.S. §8545 provides that an employee of a local agency is liable for civil damages on account of any injury to a person or property only to the same extent as his employing local agency, there is a limitation on that immunity, set forth in 42 Pa.C.S. §8550. Section 8550 abolishes official immuity if it is judicially determined that the act of the employee caused the injury and the act constituted willful misconduct.

Willful misconduct has been defined to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied. *Evans v. Philadelphia Transportation Company*, 418 Pa. 567, 212 A.2d 440 (1965). In the instant case, there is a genuine issue of material fact as to whether Gallagher's conduct constituted willful misconduct. Therefore, we must deny his motion for summary judgment.

In a related argument, plaintiff argues that a jury might conclude that defendant school district's stated policy of corporal punishment, which is a form of punishment involving physical abuse of children, amounts to willful misconduct. Accordingly, even though disciplinary punishment does not fall within the eight enumerated exceptions to governmental immunity, the immunity is abolished pursuant to the limitation set forth in section 8550.

Plaintiff has misconstrued the applicability of section 8550. Section 8550 only abolished immu-

nity for willful misconduct which pertains to local agency employees. It does not affect the immunity of local agencies. *King v. Breach,* 115 Pa. Commw. 355, 540 A.2d 976 (1988). The immunity which is abolished by section 8550 exposes local agency employees to personal liability, but the shield of general immunity set forth in section 8541 is retained by the local agency. *Steiner by Steiner v. City of Pittsburgh,* 97 Pa. Commw. 440, 509 A.2d 1368 (1986).

In accordance with the foregoing, we enter the following

## ORDER OF COURT

And now, June 30, 1989, upon consideration of the defendants' motion for summary judgment and the briefs in support and contra, it is hereby ordered that the motion is granted as to defendant, Pottsville Area School District, and denied as to defendant, James Gallagher.

Judgment shall be entered in favor of the Pottsville Area School District.