## Young v. Borough of East Berlin

*Samuel E. Teeter,* for plaintiffs.
*James J. Kurtz,* for defendants.

KUHN, *J.,* November 14, 1989 — On June 13, 1989, plaintiffs filed a three-count complaint against the borough of East Berlin and its engineer, Buchart-Horn Inc. Count I is a trespass action against the borough. Count II is a negligence claim against

both the borough and its engineer. Count III is a punitive damages claim against the borough.

Plaintiffs allege that they own seven acres of real estate in the borough improved with a residence, a barn (rented to neighbors), outbuildings, a spring-house and a pond. Plaintiffs raise animals and use the pond for recreational purposes and wildlife preservation.[1]

Up to September 4, 1985, they claim to have had an abundant supply of water for their personal use, the pond and use by the animals. On that date plaintiffs claim that their domestic well and one spring ceased functioning during a pump test of a proposed borough well located on neighboring property owned by J. Raymond Miller and situated approximately 116 feet from plaintiffs' well. The borough allegedly connected plaintiffs to the public water supply for approximately one week until the tests were completed and plaintiffs' well and spring were replenished.

On June 2, 1989, the Department of Environmental Resources issued a permit to the borough for the proposed well site and on June 5, 1986, the Susquehanna River Basin Commission also approved the borough's application for the well site subject, however, to a pumping restriction. Plaintiffs allege that these permits were issued without notice from the borough or its engineer to DER or SRBC that plaintiffs' well had gone dry during the testing and that the permits were issued based upon inaccurate assumptions and erroneous well distance determination supplied by the borough and its engineer. On September 16, 1989, the borough acquired the proposed well site.

1. The water for the residence and barn was supplied from a drilled well. In addition, a spring was used by the farm animals and a separate spring fed the pond.

Plaintiffs allege that in the spring of 1987, there was a decline in their water level when the borough began regular pumping of its well and by May 1987, their domestic spring was dry. Plaintiffs allege that from June 9 through August 8, 1987, they had little or no domestic water supply. They further allege that they requested to be reconnected to the public water system on June 19, 1987, but that the borough failed or refused to make connection until August 6, 1987.

In count I plaintiffs seek compensatory damages for conversion of their water supply.

In count II plaintiffs allege that the borough, through its engineer, was negligent in performing the well inventory and performing calculations submitted to DER and SRBC.

In count III plaintiffs allege that the borough's failure to connect them to the public water system within 48 hours of the June 9, 1987, request was malicious, wanton, intentional and reckless.

The borough filed preliminary objections as follows:

(1) A demurrer to the claim for punitive damages against a political subdivision under count III.

(2) A demurrer to all counts on the basis of governmental immunity.

(3) A motion to strike certain compensatory damages claims as being unauthorized under the Political Subdivision Tort Claims Act.

We recognize that the courts of this commonwealth will not lightly sustain a demurrer.

"In considering preliminary objections in the nature of a demurrer, the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. . . . A demurrer admits every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of

law. . . . The law does not provide a 'magic formula' to determine sufficiency of a plaintiff's complaint, however, the law is clear that a demurrer can only be sustained in a case free from doubt . . . ' *Bartanus v. Lis,* 332 Pa. Super. 48, 52, 480 A.2d 1178, 1180 (1984). (citations omitted)

First, our Supreme Court has made it clear that punitive damages cannot be imposed against an agency of the commonwealth. *Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986). The discussion set forth therein would apply with equal persuasiveness to a borough. Therefore, count III is dismissed.

Next, on the basis of the pleadings in count I it would appear that plaintiffs have stated a cause of action.

Our Supreme Court in *Rothrauff v. Sinking Spring Water Co.,* 339 Pa. 129, 14 A.2d 87 (1940) addressed the right of a property owner to seek damages when a well drilled for commercial purposes on lands of another diverts water from his existing well or spring. The court stated:

"This much is settled, that when a spring depends for its supply upon filtrations and percolations through the land of an adjoining owner, and in the use of that land for lawful purposes the spring is destroyed, such owner, in the absence of malice and negligence on his part, is not liable for the damage thus occasioned." 339 Pa. at 132, 14 A.2d at 90.

The question then concerned the embodiment of the phrase "for lawful purposes." The court observed that:

"There has been an ever-increasing acceptance of the viewpoint that their use must be limited to purposes incident to the beneficial enjoyment of the land from which they are obtained, and if their diversion or sale to others away from the land impairs the

supply of a spring or well on the property of another, such use is not for a 'lawful purpose' within the general rule concerning percolating waters but constitutes an actionable wrong for which damages are recoverable. . . . We adopt this view . . . " *Id.*

However, the borough contends that it is entitled to an immunity defense under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8501 et seq., unless plaintiffs can avail themselves of one of the exceptions to immunity set forth in section 8542 of the act. Section 8541 of the act provides:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of a local agency or an employee thereof or any other person."

A local agency is defined as a "governmental unit other than the commonwealth government." 42 Pa.C.S. §8501. A borough is a local agency for immunity purposes.

Exceptions to immunity exist under section 8542 of the act when the injury is caused by negligent acts in eight specific categories: (1) operation of a motor vehicle; (2) care, custody or control of personal property of others in the possession or control of the local agency; (3) care, custody or control of real property in possession of the local agency; (4) dangerous conditions of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems; (5) dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency; (6) dangerous conditions of streets; (7) dangerous conditions of sidewalks; and (8) care, custody or control of animals in possession or control of a local agency.

Initially, we note that plaintiffs, in their brief, describe count I as alleging intentional conduct by

borough. Assuming this to be their desire, we must dismiss this cause of action. As noted above, the exceptions to immunity are limited to negligent conduct. A municipality is not liable for intentional acts. *Sterner v. City of Pittsburgh,* 97 Pa. Commw. 440, 509 A.2d 1368 (1986); *Cornett v. Berwick Township,* 30 Adams Leg. J. 44 (1988).[2]

In count II plaintiffs are alleging negligence in the performance of tests and calculations by borough's engineer which formed the basis of the DER and SRBC approval of the well site. They contend that such negligent conduct falls within the second exception, section 8542(b)(2) (care, custody or control of personal property of others).[3] This section specifically provides:

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on the local agency:

"(2) *Care, custody or control of personal property* — The care, custody or control of personal property of others in the possession or control of the local agency. The only loss for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency."

---

2. Although not addressed in the borough's preliminary objections or the briefs, discussion was held during argument court whether plaintiffs are not limited by the exclusivity provisions of the Eminent Domain Code of 1964, 26 P.S. §1-101, et seq. to seeking damages for a de facto taking. Such taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property. We have found no case directly on point and do not intend, at this time, to suggest the viability of such an approach.

3. The borough argued that subsections 3 and 5, section 8542(b)(3) and (5), were the only exceptions remotely applicable; however, because plaintiffs have not pursued those exceptions, we will not address their applicability.

Personal property, although undefined, encompasses everything that is the subject of ownership, not coming under the denomination of real estate. *Klingner v. Pocono International Raceway Inc.*, 289 Pa. Super. 484, 490-1, 433 A.2d 1357, 1361 (1981). We find this exception inapplicable. Even if we assume that subterranean water is considered plaintiff's personal property, it was not under borough's care, custody or control when the alleged negligent acts occurred. The control over subterranean water occurred after the alleged negligent acts of the engineer and after approval from DER and SRBC. We believe that the personal property must be in the actual, not potential, control or possession of the borough when the negligent act occurs before this exception applies. See *Paul's Plumbing & Heating Supply Co. Inc. v. Montgomery County Sheriff*, 24 D.&.C 3d 541 (1982).

Therefore, we conclude that plaintiffs have failed to state a cause of action under count II.

Because of the above disposition of the several issues regarding borough's liability, we need not address whether plaintiffs' list of alleged compensatory damages are proper except to say that damages, if any, would be limited to "property losses." 42 Pa.C.S. §553(b)(6).

Therefore, the attached order is entered.

## ORDER OF COURT

And now, November 14, 1989, the preliminary objections of defendant, Borough of East Berlin, are sustained as to counts I, II and III for the reasons set forth in the attached opinion.

Plaintiffs are granted 20 days to file an amended complaint if they can do so consistent with the court's opinion.