J-A17002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.W.M. AND E.M., MINORS, THROUGH THEIR PARENTS AND NATURAL GUARDIANS, J.M., N.M., AND J.A.M. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1532 EDA 2020 |
| | : | |
| PATRICE LANGENBACH AND DEFENDER ASSOCIATION OF PHILADELPHIA | : | |

Appeal from the Order Entered July 8, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200300399

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.*

CONCURRING/DISSENTING MEMORANDUM BY PELLEGRINI, J.:

**FILED FEBRUARY 1, 2022**

I agree with the majority's affirmance of the trial court's dismissal of the action filed by N.W.M. and E.M., both minors, through their mother, J.L.M., their father, N.M., and their grandmother, J.A.M., for legal malpractice, as well as parents' and grandmother's claim for intentional infliction of emotional distress against Patrice Lagenbach while acting as N.W.M.'s and E.M.'s guardian *ad litem.*  However, I would also affirm the trial court's main holding

_____

* Retired Senior Judge assigned to the Superior Court.

that Ms. Langenbach, as a guardian *ad litem*, is immune from suit under the doctrine of judicial immunity.

The Latin phrase "ad litem" means "for the purposes of the legal action only, which suggests that a person appointed to serve as a guardian ad litem is appointed to perform a very specific task in a very specific context."  Ad Litem, BLACK'S LAW DICTIONARY (6th ed. 1990).  Ms. Langenbach was appointed pursuant to 42 Pa.C.S. § 6311 which requires the mandatory appointment of a guardian *ad litem* to "represent the legal interests and the best interests of the child" in all dependency matters.  The Rules of Juvenile Court Procedure also provide for the appointment of a guardian *ad litem* in dependency proceedings.  Pa.R.J.C.P. 1151.  Under those provisions, unlike the guardian of the person or an attorney appointed to represent the child, the guardian *ad litem* does not have the authority to act for the child nor does he or she have other tasks outside the context of the proceeding; the guardian *ad litem* is tasked to make his or her own decisions about the best interests of the child and to report those conclusions to the court who makes the ultimate determination as to what is in the best interests of the child and to aid the court in making a decision.  In this case, it was the juvenile court judge who was ultimately responsible for determining what was in the best interests of the children that was the direct cause of the purported harms for which the plaintiffs are seeking damages against Ms. Langenbach, the guardian *ad litem*.

The majority does not address whether the guardian *ad litem* is entitled to judicial immunity because it finds that as an "error correcting" court, it is not within our ken to address this issue presumably because the Supreme Court has to decide that issue in the first instance. I disagree with the majority's position, because while we may be an error-correcting court, we are not a potted plant. When questions are raised that are central to the resolution of an appeal, including whether a principle applied in other cases should be applied or extended to the case before us, it is our duty to decide the question before us even when Supreme Court has not squarely addressed the issue. Ultimately, if we "error-correct" too much or too little or just enough, our Supreme Court will take the appeal, correct our ways if need be, and make the final policy decision on that issue. ***See, e.g., Durham v. McElynn***, 772 A.2d 68, 70 (Pa. 2001) (affirming our decision that extended official immunity to assistant district attorneys).

Further illustrative of that point is that this court and the Commonwealth Court have addressed many times in the first instance whether judicial immunity and quasi-judicial immunity (administrative agency immunity) apply to certain individual officials carrying out or performing judicial or quasi-judicial functions. For example, in ***Feingold v Hill***, 521 A.2d 33 (Pa. Super. 1987), we held that even though there was no Pennsylvania case law addressing whether a law clerk receives the benefit of his or her judge's judicial immunity, he or she was entitled to immunity. ***See also Clodgo by***

*Clodgo v. Bowman*, 601 A.2d 342 (Pa. Super. 1992) (judicial immunity insulated a court-appointed medical expert witness from liability premised upon malpractice); *Panitz v. Behrend*, 632 A.2d 562 (Pa. Super. 1993) (applying testimonial immunity to expert witnesses); *Logan v. Lillie*, 728 A.2d 995, 998 (Pa. Cmwlth. 1999) (immunity applied to a child custody conference officer who, pursuant to the Pennsylvania Rules of Civil Procedures, conducted a child custody settlement conference and made recommendations to a judge on whether to suspend a father's custody over a child); *Reuben v. O'Brien*, 496 A.2d 913 (Pa. Cmwlth. 1985) (judicial immunity extended to township constable whose actions were taken at direction of district judge); *Myers v. Dept. of Labor and Indus.*, 458 A.2d 235 (Pa. Super. 1983) (holding that a workers' compensation referee was acting as a quasi-judicial officer and was absolutely immune from liability for his statutorily-assigned tasks); *Urbano v. Meneses*, 431 A.2d 308 (Pa. Super. 1981) (holding that zoning board members, when ruling on an individual application for a zoning permit, were acting in a quasi-judicial capacity and were entitled to quasi-judicial immunity); *Doe v. Wyoming Valley Health Care Sys., Inc.*, 987 A.2d 758 (Pa. Super. 2009) (concluding that judicial immunity applied to a witness who testified at a National Labor Relations Board employment hearing).

As to whether a guardian *ad litem* is entitled to judicial immunity, for the reasons set forth in the thorough and well-reasoned opinion of Honorable

Abbe Fletman of the Court of Common Pleas of Philadelphia County, I would hold that a guardian *ad litem* is immune from suit under the doctrine of judicial immunity.