IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Williams,                          :
                                           : No. 1908 C.D. 2015
                          Appellant        : Submitted: March 11, 2016
                                           :
              v.                           :
                                           :
Department of Corrections                  :
                                           :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                         FILED: May 12, 2016


         Charles Williams appeals, *pro se*, from the August 26, 2015, order of the
Court of Common Pleas of the 37th Judicial District (Forest County Branch) (trial
court), that dismissed Williams' complaint (Complaint) and denied his petition for leave
to proceed *in forma pauperis* (Petition) pursuant to Pa. R.C.P. No. 240(j)(1).[1]  We
affirm.

_____

[1] Pa. R.C.P. No. 240(j)(1) provides:

   If, simultaneous with the commencement of an action or proceeding or the taking of an
   appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior
   to acting upon the petition may dismiss the action, proceeding or appeal if the allegation
   of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

An action is frivolous if it "'lacks an arguable basis either in law or in fact.'"  Note to Pa. R.C.P. No.
240(j)(1) (citation omitted).

Williams is presently incarcerated at the State Correctional Institution at Forest (SCI-Forest). In his Complaint, Williams alleges that on July 11, 2014, he was moved to a cell in the restricted housing unit (RHU). (Compl. ¶ 26.) On July 13, 2014, he was permitted to inventory his personal property until his release from the RHU. (*Id.* ¶ 28.) A "slender[-]built" sergeant inventoried his television, which was then in working order. (*Id.* ¶ 29) His television was stored in an area of SCI-Forest that is approximately 12 feet from shower facilities. (*Id.* ¶ 31.) While Williams was in the RHU, the ceiling above the area where his property was inventoried "released a bunch of water, dust, dirt and other elements" onto the floor of the area. (*Id.* ¶ 32.)

Williams alleges that he was released from the RHU on August 26, 2014. (*Id.* ¶ 34.) On August 29, 2014, Williams plugged in his television, which emitted a foul odor. (*Id.* ¶ 36.) On September 17, 2014, Williams filed a grievance with regard to his damaged television, which was denied. (*Id.* ¶¶ 49, 59-62.)

Williams alleges that on November 30, 2014, he was again moved to a cell in the RHU. (*Id.* ¶ 63.) Correction officers prevented Williams from locking his locker in his previous cell because the officers needed to search the locker. (*Id.* ¶¶ 64-65.) On December 11, 2014, Williams inventoried his personal property from his previous cell and discovered that someone had taken his chess set, kites, and snuff tobacco. (*Id.* ¶ 69.)

Williams alleges that on December 18, 2014, Corrections Officer (CO) Friedline[2] gave Williams a confiscation receipt dated December 12, 2014, for a box of Williams' legal paperwork. (*Id.* ¶¶ 77-78.) On December 26, 2014, Williams was released from the RHU. (*Id.* ¶ 79.) Williams notified an SCI-Forest staff member, Lieutenant Haggerty, that CO Friedline had confiscated a box of his legal paperwork. (*Id.* ¶ 80.) Williams also alleges that SCI-Forest staff members stole his sheet music and additional legal paperwork after he was transferred to the RHU on November 30, 2014.[3] (*Id.* ¶¶ 82-84.)

Williams alleges that an SCI-Forest staff member, Mr. Perry, and other staff members refused Williams' request to be transferred out of SCI-Forest's C-block, even though several inmates and SCI-Forest staff members had been assaulted there.[4] (*Id.* ¶¶ 90-94.) An SCI-Forest staff member, Mrs. Blake, refused Williams' request to access SCI-Forest's law library three times per week when he was preparing to file a lawsuit against SCI-Forest staff members. (*Id.* ¶¶ 100-04.) Williams further alleges that SCI-Forest staff members refused to process his requests to have his custody level lowered. (*Id.* ¶ 105.)

---

[2] Williams' Complaint and briefs do not include the full names of the DOC officials and SCI-Forest staff members mentioned therein.

[3] Williams alleges later in his Complaint that CO Friedline, CO Berry, and Sergeant Bloss removed his property from his former cell after he was transferred to the RHU on November 30, 2014. (Compl. ¶ 109.)

[4] Williams does not specify when he was transferred to C-block after his release from the RHU on December 26, 2014.

On August 14, 2015, Williams filed his Complaint and Petition with the trial court.[5]  On August 26, 2015, the trial court denied Williams' Petition as frivolous under Pa. R.C.P. No. 240(j)(1) and dismissed his Complaint for the same reason.  On September 28, 2015,[6] Williams appealed to this court.[7]  On March 9, 2016, the trial court filed a Pa. R.A.P. 1925(a) opinion stating that because Williams' Complaint lists many claims that are either criminal allegations or not causes of action at all, the Department of Corrections (DOC) "should not be required to sift through the [C]omplaint and ultimately guess at what is being alleged."  (Trial Ct. Op. at 3-4.)

First, Williams argues that the trial court erred in determining that he failed to state a claim for negligence with regard to his television.  We disagree.

---

[5] In addition to DOC, Williams' Complaint lists 18 individuals as defendants in their official and individual capacities.  However, the trial court's August 26, 2015, order lists DOC as the only defendant.  In accordance with Pa. R.A.P. 904(b), the caption of Williams' notice of appeal lists DOC as the only respondent.  *See* Pa. R.A.P. 904(b) ("The parties shall be stated in the caption [of the notice of appeal] as they stood upon the record of the lower court at the time the appeal was taken.").  The caption of the trial court's October 20, 2015, order, however, lists all of the defendants listed in the Complaint.  On appeal, DOC does not argue that the additional defendants are not appellees in the present appeal and both Williams and DOC address the claims against the additional defendants.  Therefore, we treat the additional defendants as appellees (Appellees) in the present appeal.

[6] Williams was required to file his notice of appeal within 30 days of the trial court's August 26, 2015, order, or no later than September 25, 2015.  *See* Pa. R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").  Under the prisoner mailbox rule, Williams is deemed to have filed his notice of appeal on September 25, 2015, the date that it was postmarked.  *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (holding that a *pro se* inmate's appeal from a trial court's order is deemed filed on the date that he either gives the appeal to a prison official or places it in the prison's mailbox).

[7] "Our scope of review of the trial court's order is plenary where the trial court dismisses a complaint *sua sponte* for failure to state a cause of action upon which relief may be granted."  *McCool v. Department of Corrections*, 984 A.2d 565, 568 n.4 (Pa. Cmwlth. 2009).

4

To adequately state a cause of action in negligence, a plaintiff must allege that the defendant breached a legal duty owed to the plaintiff, the breach resulted in an injury to the plaintiff, and the plaintiff suffered an actual loss or damage. *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). "[A] plaintiff is required 'to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action.'" *McCulligan v. Pennsylvania State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015) (citation omitted).

Here, Williams alleges in his Complaint that the unnamed, "slender[-]built" sergeant who inventoried his television acted negligently. (Compl. ¶ 106.) However, Williams failed to state a claim for negligence because he did not allege that any specific breach of duty by the sergeant or Appellees caused the roof to leak onto his television, nor did he allege that the sergeant or Appellees knew or should have known that the ceiling would leak. Therefore, the trial court properly dismissed Williams' Complaint and Petition as frivolous.

Next, Williams argues that the trial court erred in determining that he failed to state a claim for negligence with regard to the items that he alleges CO Friedline, CO Berry, and Sergeant Bloss "stole" from his cell. We disagree. A defendant does not act negligently where he intended to bring about the harm that resulted from his action. *See Steiner v. City of Pittsburgh*, 509 A.2d 1368, 1370 (Pa. Cmwlth. 1986) (*en banc*) (holding that the appellant failed to state a claim for negligence where her claim was "couched in terms of willful and intentional conduct, rather than in negligence"). Here, Williams failed to state a claim for negligence as to the items that he claimed CO Friedline, CO Berry, and Sergeant Bloss removed from his cell because Williams

5

alleges that they acted intentionally. Therefore, the trial court properly dismissed Williams' Complaint and Petition as frivolous.

Next, Williams argues that the trial court erred in dismissing his Complaint and Petition as frivolous because he alleges that Appellees violated his right to due process by confiscating his legal paperwork and sheet music without providing him with receipts. We disagree.

To state a claim under 42 U.S.C. §1983,[8] a plaintiff "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 49-50 (1999). Neither states nor state governmental entities are "persons" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989). Thus, DOC is not subject to suit here. *See Warren v. Pennsylvania Department of Corrections*, 616 A.2d 140, 142 (Pa. Cmwlth. 1992).

"[C]hallenged prison conditions cannot give rise to a due process violation unless those conditions constitute 'atypical and significant hardship[s] on [inmates] in relation to the ordinary incidents of prison life.'" *McKune v. Lile*, 536 U.S. 24, 37

---

[8] 42 U.S.C. §1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

(2002) (citation omitted); *see Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750, 752 (Pa. Cmwlth. 2003) (holding that prison staff members' removal of artwork from an inmate's cell did not constitute an atypical and significant hardship).

Here, Williams alleges in his Complaint that CO Friedline *did* provide him with a confiscation receipt for his legal paperwork, albeit six days after CO Friedline signed the receipt. However, Williams did not allege that he suffered any hardship as a result of the six-day delay. Additionally, Williams did not allege in his Complaint that the prison staff members failed to provide him with a receipt for his allegedly confiscated sheet music. Therefore, the trial court properly dismissed Williams' Complaint and Petition as frivolous.

Next, Williams argues that the trial court erred in dismissing his Complaint and Petition as frivolous because he alleges that when he filed grievances against other Appellees, Blake retaliated against him by denying him access to SCI-Forest's law library when he was preparing to file a lawsuit against Appellees. We disagree.

To state a prison retaliation claim, "a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006). Prison inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

7

Here, Williams did not allege in his Complaint that Blake denied him complete access to the SCI-Forest's law library. Instead, Williams alleges that Blake denied his request to access the law library three times per week. However, Williams did not allege facts in regard to any effects of Blake's actions that might prove that Blake's actions would deter a person of ordinary firmness from filing suit against DOC and prison officials. Therefore, the trial court properly dismissed Williams' Complaint and Petition as frivolous.

Finally, Williams argues that the trial court erred in dismissing his Complaint and Petition as frivolous because he alleges that Appellees retaliated against him by refusing to transfer him out of C-block and lower his custody level. We disagree. "An inmate does not have a right to be housed in a particular facility or in a particular area within a facility." 37 Pa. Code §93.11(a); *see Mays v. Kosinski*, 86 A.3d 945, 949 (Pa. Cmwlth. 2014) (holding that an inmate's change in custody level and transfer to a different housing unit "cannot be considered adverse actions for the purpose of a prison retaliation claim"). Here, Appellees' alleged refusals to transfer Williams from C-block and lower Williams' custody level do not constitute adverse actions for purposes of a prison retaliation claim. Therefore, the trial court properly dismissed Williams' Complaint and Petition as frivolous.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Williams,                          :
                                           : No.  1908 C.D. 2015
                        Appellant          :
                                           :
              v.                           :
                                           :
Department of Corrections                  :
                                           :

## O R D E R

AND NOW, this 12<u>th</u> day of <u>May</u>, 2016, we hereby affirm the August 26, 2015, order of the Court of Common Pleas of the 37th Judicial District (Forest County Branch).


_____
ROCHELLE S. FRIEDMAN, Senior Judge